**YUBIN QI, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–73522.

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2012.*

Filed July 9, 2012.

Yubin Qi, Monterey Park, CA, pro se.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Jesse David Lorenz, Esquire, Trial, Washington, DC, for Respondent.

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

**MEMORANDUM** **

Yubin Qi, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, including the agency's adverse credibility findings. *Cor-*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tez–Pineda v. Holder, 610 F.3d 1118, 1124 (9th Cir.2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on discrepancies regarding the mistreatment Qi experienced during his interrogations, evasive testimony about who made arrangements for him to leave China, and his inability to provide detailed testimony about important subjects such as his home church meetings and the day he was required to report weekly to police. See Pal v. INS, 204 F.3d 935, 939–40 (9th Cir.2000) (inconsistencies between testimony and application regarding injuries petitioner received during assaults); Wang v. INS, 352 F.3d 1250, 1256 (9th Cir.2003) (evasive testimony); Singh–Kaur v. INS, 183 F.3d 1147, 1153 (9th Cir.1999) (lack of specificity). Qi's explanations for the inconsistencies do not compel a contrary conclusion. See Lata v. INS, 204 F.3d 1241, 1245 (9th Cir.2000). Accordingly, in the absence of credible testimony, Qi's asylum and withholding of removal claims fail. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).

Further, Qi's CAT claim fails because it is based on the same statements the agency found not credible, and the record does not otherwise compel the finding that it is more likely than not he would be tortured by or with the acquiescence of the government if returned to China. See id. at 1156–57.

Finally, in light of the agency's supported adverse credibility finding, Qi's due process claim fails. See Rivera v. Mukasey, 508 F.3d 1271, 1276 (9th Cir.2007) (even if petitioner shows IJ bias, court cannot find bias was basis for denial of

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

application where factual record supports denial).

**PETITION FOR REVIEW DENIED.**